IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE LEW, | |
| Plaintiff, | 2:09-cv-02921-GEB-DAD |
| v. | <u>ORDER DENYING PLAINTIFF'S APPLICATION FOR AN EX PARTE TEMPORARY RESTRAINING ORDER</u>[*] |
| LONG BEACH MORTGAGE, PRO CAPITAL MORTGAGE, CALIFORNIA RECONVEYANCE COMPANY, JP MORGAN CHASE and DOES 1-100, inclusive, | |
| Defendants. | |

On October 20, 2009, Plaintiff Wayne Lew filed an *ex parte* application for a temporary restraining order ("TRO"), in which he requests Defendants JP Morgan Chase and California Reconveyance Company be enjoined "from pursing foreclosure proceedings" on his residence and compelled to provide him with "all documents pertaining to any foreclosure proceeding[], Trustee's Sale, or assignment" of his residence or mortgage. (Appl. for TRO 1.)

Under Federal Rule of Civil Procedure 65(b)(1), a TRO may be issued "without written or oral notice to the adverse party only if

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 78-230(h).

1

1  (A) specific facts in an affidavit or a verified complaint clearly
2  show that immediate and irreparable injury, loss, or damage will
3  result to the movant before the adverse party can be heard in
4  opposition; and (B) the movant's attorney certifies in writing any
5  efforts made to give notice and the reasons why it should not be
6  required." See also E.D. Cal. R. 65-231(a)(prescribing "[e]xcept in
7  the most extraordinary of circumstances, no temporary restraining
8  order shall be granted in the absence of actual notice to the affected
9  party and/or counsel, by telephone or other means, or a sufficient
10 showing of efforts made to provide notice").  There are "very few
11 circumstances justifying the issuance of an *ex parte* TRO."  Reno Air
12 Racing Ass'n., Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006).
13     Plaintiff states in his TRO application that Judy DeLong declares
14 she provided "a copy of [Plaintiff's] Application to [Defendant] JP
15 Morgan Chase via US Mail . . . and [Defendant] CALIFORNIA RECONVEYANCE
16 CO . . . on October 19th, 2009."  (TRO Appl. 5.)  The referenced
17 declaration of Judy Delong, however, has not been filed.  Further,
18 Plaintiff declares he has been notified that his residence is to be
19 sold at a foreclosure sale occurring on October 27, 2009 but fails to
20 state when he received notice of the pending sale, or why he did not
21 seek injunctive relief earlier.
22     The mailed notice that Plaintiff indicates he gave to two of the
23 Defendants by placing his TRO application in the mail "on October 19th
24 2009" does not satisfy the notice requirements of Federal Rule of
25 Civil Procedure 65(b)(1).  Further, Plaintiff's application says
26 nothing about providing Defendants Long Beach Mortgage and Pro Capital
27 Mortgage with notice of Plaintiff's request for a TRO.  Plaintiff also
28 has not filed an affidavit detailing the efforts made to give timely

notice of his TRO application to Defendants or stating the reasons notice should not be required.  Nor has Plaintiff explained why he delayed seeking injunctive relief until seven days before the foreclosure proceeding he seeks to enjoin is scheduled to occur.  See E.D. Cal. R. 65-231(b)(stating "[s]hould the Court find that the applicant unduly delayed in seeking injunctive relief, the Court may conclude that the delay constitutes laches . . .").  Plaintiff, therefore, "has failed to present persuasive evidence demonstrating that his case falls within the 'very few circumstances' justifying the issuance of an *ex parte* TRO.'"  Rosal v. First Federal Bank of California, 2009 WL 837570, at *1 (N.D. Cal. Mar. 26, 2009).

   For the reasons stated above, Plaintiff's *ex parte* application for a TRO is DENIED.

Dated:  October 23, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge