```
                    IN THE UNITED STATES DISTRICT COURT

                   FOR THE EASTERN DISTRICT OF CALIFORNIA


WAYNE LEW,                              )
                                        )
          Plaintiff,                    )    2:09-cv-02921-GEB-DAD
                                        )
     v.                                 )    ORDER DENYING PLAINTIFF'S
                                        )    APPLICATION FOR AN EX PARTE
LONG BEACH MORTGAGE, PRO CAPITAL        )    TEMPORARY RESTRAINING ORDER*
MORTGAGE, CALIFORNIA RECONVEYANCE       )
COMPANY, JP MORGAN CHASE and DOES       )
1-100, inclusive,                       )
                                        )
          Defendants.                   )
                                        )
```

On October 20, 2009, Plaintiff Wayne Lew filed an *ex parte* application for a temporary restraining order ("TRO"), in which he requests that Defendants JP Morgan Chase and California Reconveyance Company be enjoined "from pursing foreclosure proceedings" on his residence and compelled to provide him with "all documents pertaining to any foreclosure proceeding[], Trustee's Sale, or assignment" of his residence or mortgage. (Appl. for TRO 1.) On October 23, 2009, Plaintiff's *ex parte* application for a TRO was denied since Plaintiff failed to comply with Federal Rule of Civil Procedure 65(b)(1)'s

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 78-230(h).

1

1  notice requirements.  This Order was not signed and filed until
2  October 23, 2009, because the undersigned judge thought it had been
3  signed and filed earlier in the week.
4        Following issuance of the October 23, 2009 Order, Plaintiff filed
5  declarations for the apparent purpose of attempting to cure the notice
6  deficiencies in his TRO application: declarations authored by
7  Plaintiff, Plaintiff's attorney's and Judy DeLong.  A hearing on
8  Plaintiff's application for a TRO was scheduled on October 23, 2009,
9  for October 26, 2009 at 2:30 p.m.  However, upon reviewing Plaintiff's
10 supplemental declarations, the hearing was vacated.
11       Plaintiff declares in his October 23, 2009 declaration that he
12 "received a Notice of Trustee's sale from California Reconveyance
13 Company, on approximately Oct. 5, 2009, notifying [him] that [his]
14 home was to be sold at a trustee's sale on October 27, 2009."  (Lew
15 Supp. Decl. ¶ 10.)  Plaintiff also declares he "had to leave town
16 [the] next week and [he] was not able to contact [his] attorney to
17 assist [him] until October 16, 2009." (Id.)
18       Plaintiff's attorney, Alex Friedland, declares "[o]n Monday,
19 October 19, 2009, [he] telephoned and wrote to JP Morgan Chase
20 informing them [about] this pending lawsuit. . . ."  (Friedland Decl.,
21 Docket No. 9, ¶ 2.)  Friedland also declares that on October 23, 2009,
22 he resent a "copy of the Complaint, Amended Application for Exparte
23 Motion, via Federal Express to JP Morgan Chase, ProCapital Mortgage
24 and California Reconveyance." (Id. ¶ 5.)
25       In response to a minute order issued on October 23, 2009,
26 Friedland provided an additional declaration stating that he
27 "attempted to contact JP Morgan Chase in New York . . . . [He] talked
28 to their switch board operator who gave [him] the number for their

1  Legal Department in Louisiana . . . .  However upon calling them they
2  advised [him] that I had reached the wrong department and that I
3  should call [another number]. . . .  I called that number but their
4  offices were closed.  I left them a message regarding the hearing.  I
5  did obtain their fax number . . . and faxed them the documents."
6  (Friedland Decl., Docket No. 13, ¶ 3.)  Lastly, Friedland declares he
7  called California Reconveyance and Pro Capital Mortgage but both were
8  closed and he faxed both corporations a copy of the October 23, 2009
9  Minute Order and TRO application.  (Id. ¶¶ 4-5.)
10     The declarations filed by Plaintiff detailing Plaintiff's
11 attempts to provide notice to Defendants do not cure the notice
12 deficiencies in his *ex parte* TRO application since Plaintiff has not
13 demonstrated he has provided "actual notice" to the "affected
14 part[ies]" or "counsel."  E.D. Cal. R. 65-231(a)(prescribing '[e]xcept
15 in the most extraordinary of circumstances, no temporary restraining
16 order shall be granted in the absence of actual notice to the affected
17 party and/or counsel, by telephone or other means . . . .").
18 Plaintiff has not shown that the after hours calls and faxes are
19 sufficient to satisfy the requirement that Defendants be provided
20 timely, actual notice of Plaintiff's TRO application.  At this time,
21 it is unclear whether any  Defendant is aware of Plaintiff's TRO
22 application.
23     Moreover, Local Rule 65-231(b) provides that "[i]n considering a
24 motion for a temporary restraining order, the Court will consider
25 whether the applicant could have sought relief by motion for . . .
26 injunction at an earlier date without the necessity for seeking last-
27 minute relief by motion for temporary restraining order.  Should the
28 Court find that the applicant unduly delayed in seeking injunctive

relief, the Court may conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground." E.D. Cal. R. 65-231(b).

In this case, Plaintiff has not explained why he has delayed as long as he has to seek injunctive relief. Plaintiff indicates in his TRO application that for some time after the initiation of his refinancing loan in 2006, he had been having "difficulty paying his mortgage." (Appl. for TRO 5:7.) He also declares that "[p]rior to receiving the Notice of Trustee's sale, [he] contacted LONG BEACH MORTGAGE's successor WAMU in an attempt to restructure [his] loans." (Lew Supp. Decl. ¶ 11.) Plaintiff further declares that he "was put off for an excess of six (6) months using a modification firm to assist [him]. Since that time, [he has] attempted numerous times to work with JP Morgan Chase on a loan modification but [has] always been told paperwork was lost, no decision, underwriter would get back to [him] soon." (Id. ¶¶ 11, 12.)

Plaintiff also declares he received notice of the pending foreclosure sale on October 5, 2009 but did not contact his attorney until October 16, 2009, because he "had to leave town." (Lew Supp. Decl. ¶ 10.) Plaintiff does not explain what caused him to leave town, nor why he could not have given actual notice of and sought injunctive relief on an earlier date.

Since Plaintiff has not shown justification for waiting until the eve of the foreclosure proceeding to attempt to give actual Defendants notice of his *ex parte* TRO application, has not shown that Defendants have received actual notice of his TRO application, and has failed to explain why his delay in seeking emergency injunctive relief does not

4

constitute laches, Plaintiff's application for an *ex parte* application for a TRO is DENIED.

Dated: October 26, 2009

                                   _____
                                   GARLAND E. BURRELL, JR.
                                   United States District Judge