IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WAYNE W. LEW, | ) | |
| | ) | |
| Plaintiff, | ) | 2:09-cv-02921-GEB-KJN |
| | ) | |
| v. | ) | ORDER IMPOSING A SANCTION AND |
| | ) | <u>REQUIRING A FILING WHEN THE</u> |
| LONG BEACH MORTGAGE, PRO CAPITAL | ) | <u>BANKRUPTCY STAY IS LIFTED</u> |
| MORTGAGE, CALIFORNIA RECONVEYANCE | ) | |
| COMPANY, JP MORGAN CHASE and DOES | ) | |
| 1 through 100, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff's counsel responded to an OSC on March 5, 2010. The OSC issued because Plaintiff failed to file a status report that was due on February 16, 2010. Plaintiff's counsel states in his response to the OSC that he did not file a status report because Plaintiff filed a bankruptcy petition on February 24, 2010. This response, however, does not excuse or explain counsel's failure to file a timely status report. Therefore, Plaintiff's counsel's response to the OSC is woefully insufficient to avoid the imposition of a sanction.

A sanction may be imposed under Federal Rule of Civil Procedure 16(f) for failure to timely comply with a Rule 16 Order's

1

filing requirement.  See Ayers v. City of Richmond, 895 F.2d 1267, 1269-70 (9th Cir. 1990) (upholding sanction where counsel failed to appear for a settlement conference because the date "slipped by him"); Ikerd v. Lacy, 852 F.2d 1256, 1258-59 (10th Cir. 1988) ("Neither contumacious attitude nor chronic failure is a necessary threshold to the imposition of sanctions under Rule 16 . . . .").

The primary purpose of a Rule 16 sanction "is to insure reasonable management requirements for case preparation." Matter of Sanction of Baker, 744 F.2d 1438, 1441 (10th Cir. 1984); see also 1983 Advisory Committee Notes to Fed. R. Civ. P. 16(f) ("[The] explicit reference to sanctions reenforces the rule's intention to encourage forceful judicial management."). Thus, violation of a Rule 16 filing requirement is not merely a technical or trivial matter, but involves a "matter most critical to the court itself: management of its docket," and the avoidance of unnecessary delays and problems in the administration of its cases. Baker, 744 F.2d at 1441. The judge has case management responsibilities under Rule 16, which he is unable to perform when, as here, Plaintiff's counsel does not inform the judge of the status of the case until he responds to an OSC.

Since Plaintiff's counsel failed to file a timely status report, attorney Alex Friedland is sanctioned TWO HUNDRED AND FIFTY DOLLARS ($250.00). Mr. Friedland shall pay this sanction to the Clerk of the Court for this District within fifteen (15) days from the date this Order is filed. The check shall be made payable to the "United States Treasury." Proof of payment shall be filed within five (5) days of payment.

Further, Plaintiff should also have filed a notice of the bankruptcy petition in this case as soon as he filed a bankruptcy

petition.  The first notice of Plaintiff's bankruptcy petition was provided in Plaintiff's counsel's response to the OSC.  This is utterly unacceptable.  Plaintiff had the obvious obligation to file a notice of the bankruptcy stay as soon as it became effective.

**Plaintiff and his counsel shall file a document in this case stating that the bankruptcy stay is lifted as soon as it is lifted.**

Dated:  March 19, 2010

GARLAND E. BURRELL, JR.
United States District Judge